IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HUY LE, | Case No. 6:21-cv-01027-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| KATE BROWN *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Huy Le ("Le"), a self-represented litigant in the custody of the Oregon Department of Corrections ("ODOC"), filed this civil rights action under 42 U.S.C. § 1983 ("Section 1983") against Governor Kate Brown ("Governor Brown") and ODOC (together, "Defendants"), alleging violations of his Eighth and Fourteenth Amendment rights. This matter comes before the Court on Defendants' motion to stay this litigation. For the reasons that follow, the Court grants Defendants' motion to stay.

///

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Le is an adult in custody ("AIC") of ODOC and is currently housed at the Santiam Correctional Institution. On July 9, 2021, Le filed this action against Defendants, alleging that Defendants knowingly exposed him to COVID-19 and that ODOC's failure adequately to respond to COVID-19 violates his Eighth and Fourteenth Amendment rights. (ECF No. 2.)

Fifteen months earlier, on April 6, 2020, seven AICs (the "*Maney* Plaintiffs") housed at four ODOC institutions filed a civil rights action under Section 1983 against Governor Brown and several ODOC officials (together, the "*Maney* Defendants"). (Defs.' Mot. to Stay at 3, ECF No. 10; *Maney et al. v. Brown et al.*, 6:20-cv-00570-SB ("*Maney*"), ECF No. 1.) The *Maney* Plaintiffs allege that the *Maney* Defendants acted with deliberate indifference to their health and safety by failing adequately to protect them from COVID-19 through social distancing, testing, sanitizing, medical treatment, masking, and vaccines. (*See Maney* Fifth Am. Compl., ECF No. 273.)

On September 17, 2021, Defendants filed a motion to stay this matter pending resolution of the motion for class certification in *Maney*. (Defs.' Mot. to Stay at 1.)

## DISCUSSION

**I.    APPLICABLE LAW**

"District courts have the discretion to stay proceedings pending before them." *Patton v. DePuy Orthopaedics, Inc.*, No. 19-cv-00081, 2019 WL 851933, at *3 (C.D. Cal. Feb. 21, 2019) (citing *Landis v. N.A. Co.*, 299 U.S. 248, 254-55 (1936), and *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005)); *see also Confederated Tribes & Bands of Yakama Nation v. Airgas USA, LLC*, 435 F. Supp. 3d 1103, 1127 (D. Or. 2019) ("This court has the inherent power to control its docket to 'promote economy of time and effort for itself, for counsel, and for litigants.'") (citation omitted). In deciding whether to grant a party's motion to stay, courts in this

PAGE 2 – OPINION AND ORDER

circuit typically consider the following three factors: "'(1) [the] potential prejudice to the non-moving party; (2) [the] hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation[.]'" *Patton*, 2019 WL 851933, at *3 (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

## II. ANALYSIS

The Court finds that on balance, the relevant factors weigh in favor of staying this action pending resolution of class certification in *Maney*.

First, there is substantial overlap between the parties and legal issues to resolve in the *Maney* case and this case, as both actions include Section 1983 claims alleging that ODOC officials acted with deliberate indifference to AICs' health and safety by failing adequately to protect them from COVID-19. (*Maney* Fifth Am. Compl. ¶ 92; Compl. at 4-5.) A stay will conserve judicial resources by avoiding duplicative litigation.

Furthermore, it appears that Le is a member of the proposed Damages Class composed of AICs who have tested positive for COVID-19 while in custody, based on Le's allegation that he is currently housed in an ODOC facility and that he has tested positive for COVID-19. (*See* Compl. at 5, stating that he "came up positive on a COVID-19 test [on] approx[imately] Jan[uary] 19, 2021"; *Maney* Fifth Am. Compl. ¶ 23, noting that the proposed Damages Class includes AICs who "while incarcerated, tested positive or were otherwise diagnosed with COVID-19.")

A stay in this case will not result in significant delay, as the motion for class certification in *Maney* will be fully briefed by January 7, 2022. (*See Maney* ECF No. 280.) If the Court grants the *Maney* Plaintiffs' motion for class certification, Le may elect to proceed as a member of the Damages Class, or he may opt out and litigate his own case. *See McDaniels v. Stewart*, No. 15-

PAGE 3 – OPINION AND ORDER

CV-05943-BHS-DWC, 2017 WL 132454, at *2 (W.D. Wash. Jan. 13, 2017) (granting stay pending class certification and noting that "Plaintiff may elect to be a member of the class if it is certified, or opt-out and proceed with his own case"). On the other hand, if the Court denies class certification, Le faces only a brief delay in this matter.

      For these reasons, the Court concludes that staying this litigation will conserve judicial resources by avoiding duplicative litigation, and a stay will not unduly prejudice Le. *See McDaniels*, 2017 WL 132454, at *2 (granting stay because "staying this action pending resolution of class certification . . . promotes judicial economy and does not prejudice Defendants"); *see also Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *11 (N.D. Cal. May 19, 2020) (staying habeas petition pending adjudication in separate class action because "[t]he potential relief available to [the petitioner]—immediate release due to the COVID-19 pandemic, the conditions of confinement at the Yuba County [Jail], and his medical vulnerabilities—is the same substantive relief sought in this action and is based on the same underlying facts" and therefore "a stay pending adjudication of [the class action] is warranted"); *Duong v. Jennings*, No. 20-cv-02864-RMI, 2020 WL 2524252, at *2 (N.D. Cal. May 18, 2020) (same); *Calderon v. Barr*, No. 2:20-cv-00891 KJM GGH, 2020 WL 2394287, at *4-5 (E.D. Cal. May 12, 2020) (same).

///
///
///
///
///
///

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motion to stay (ECF No. 10), and STAYS this action pending resolution of class certification in the *Maney* case.[1]

**IT IS SO ORDERED.**

DATED this 22nd day of October, 2021.

*Stacie F. Beckerman*

HON. STACIE F. BECKERMAN
United States Magistrate Judge

---

[1] "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" *James v. Ariz. Dep't of Corrs.*, No. 18-4545, 2019 WL 7494660, at *2 (D. Ariz. Aug. 14, 2019) (quoting *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Defendants' motion to stay does not dispose of any claims or defenses and does not effectively deny any ultimate relief. Thus, this Court may resolve the motion to stay without full consent to the jurisdiction of a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

PAGE 5 – OPINION AND ORDER